IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILLIAM G. CREASY, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | NO. 3:22-cv-00035 |
| MARTIN FINK, Warden, | ) ) ) | JUDGE RICHARDSON |
| Respondent. | ) | |

## ORDER

William Creasy, an inmate at the Trousdale Turner Correctional Complex in Hartsville, Tennessee, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) and paid the filing fee. In response to the Court's direction (Doc. No. 6), Petitioner has now filed an Amended Petition. (Doc. No. 7.)

The Amended Petition is now before the Court for an initial review. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules").

Under Habeas Rule 4, the Court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* According to the Amended Petition, Petitioner was sentenced to fifteen years in prison following his 2020 conviction in Sumner County Criminal Court on charges of evading arrest and theft over $10,000. (Doc. No. 7 at 1.) He now challenges the legality of his conviction by claiming, e.g., the ineffective assistance of trial counsel.

The alleged ineffective assistance of counsel states a colorable claim for habeas corpus relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Because at least one colorable claim is advanced, it is not readily apparent from the face of the Amended Petition that Petitioner is not

entitled to habeas relief. Respondent is therefore **DIRECTED** to file an answer, plead or otherwise respond to the Amended Petition in accordance with Habeas Rule 5 within **30 days** of the entry of this Order. If Respondent takes the position in his submission that Petitioner has failed to exhaust his available state remedies for the claim(s) raised in the petition, Respondent **MUST** clearly identify those remedies, citing any applicable statutes, rules, or regulations, and explain the procedure for their exhaustion.

On that same date, Respondent shall also file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rule 5(c) and (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (e.g., plea proceedings, pretrial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim is barred by a failure to exhaust state remedies, by non-retroactivity, or by a statute of limitations; (4) cite the

2

Case 3:22-cv-00035   Document 8   Filed 03/10/22   Page 2 of 4 PageID #: 46

state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument.

Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to respond timely to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's silence as his agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

Each time a party files a document in this case, that party must send a copy of the filing to the opposing party. Fed R. Civ. P. 5. The Court will not provide free copies of filings, although the Clerk's Office will provide a docket sheet upon request. To obtain a copy of any document filed in this case in the future, a party should submit a request to the Clerk's Office with the case name, case number, and the specific documents requested. The cost for copies is $0.50 per page.

3

Case 3:22-cv-00035   Document 8   Filed 03/10/22   Page 3 of 4 PageID #: 47

The Clerk is **DIRECTED** to serve a copy of the petition and this Order by mail on the Attorney General of Tennessee. *See* Habeas Rule 4.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE