IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM G. CREASY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | NO. 3:22-cv-00035 |
| MARTIN FINK, Warden, | ) | JUDGE RICHARDSON |
| Respondent. | ) ) | |

## **ORDER**

William Creasy, an inmate at the Trousdale Turner Correctional Complex (TTCC) in Hartsville, Tennessee, filed an amended pro se habeas corpus petition under 28 U.S.C. § 2254. (Doc. No. 7.) The Court found that the Amended Petition contained at least one colorable claim and directed the State to respond in accordance with Habeas Rule 5. (Doc. No. 8 at 1–2.)

The State responded by filing a Motion to Dismiss the Amended Petition based on the statute of limitations and Petitioner's alleged failure to exhaust state remedies (Doc. No. 14), along with a supporting Memorandum (Doc. No. 15) and a Notice of Filing the record of state-court proceedings. (Doc. No. 12.) The State also filed a Motion to Modify the Order Concerning the State-Court Record (Doc. No. 13), seeking relief from the Court's Order that it file the "complete state court record relevant to this matter." (Doc. No. 8 at 2.)

The Court's Order directing the State to respond to the Amended Petition envisions one of two responsive filings: either an answer which "compl[ies] with the requirements set forth in Habeas Rule 5," or a pre-answer motion to dismiss that "compl[ies] with the requirements of the Federal Rules of Civil Procedure" and asserts relevant defenses, such as the statute of limitations

and failure to exhaust. (*Id.* at 2–3.)[1] In either case, the Order cites Habeas Rule 5(c) and (d) as support for the requirement that the State's response include "the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief . . . ." (*Id.*) The Rule itself explicitly requires the State to catalogue for the Court the available state-court transcripts and file the "parts . . . that [it] considers relevant," which the Court may then order the State to supplement if necessary. Rule 5(c), Rules Gov'g § 2254 Cases. However, as a matter of course in this District, when transcripts of pretrial, trial, sentencing, or post-conviction proceedings are available and relevant to the issues in dispute, the State is required to produce them in their entirety with its response. *See Harris v. Nelson*, 394 U.S. 286, 299 (1969) (finding that "courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage," to develop the record on federal habeas review).

In any event, the State represents that, in light of Petitioner's guilty plea, "there are no trial transcripts or exhibits pertaining to this matter nor any record from a direct appeal to file with the Court," nor are there any "state collateral relief materials to provide the Court." (Doc. No. 13 at 2.) Instead, there are only records of proceedings related to Petitioner's plea and sentencing and several "miscellaneous and non-cognizable motions and requests following his guilty plea," all of which the State has included in its Notice of Filing. (*Id.*) Based on these representations, it appears that the State is in compliance with the Court's Order. Accordingly, the Motion to Modify the Order Concerning the State-Court Record (Doc. No. 13) is **DENIED** as moot.

---

[1] *See* Rule 5, Rules Gov'g § 2254 Cases, adv. comm. notes, 28 U.S.C. foll. § 2254 (2004) ("Revised Rule 5(a), [requiring an answer to the petition if 'a judge so orders'] . . . does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition [on initial review], it may require (or permit) the respondent to file a motion.").

2

The motion to dismiss (Doc. No. 14) remains pending.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE