IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM G. CREASY, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:22-cv-00035 |
| MARTIN FRINK, Warden, | ) ) JUDGE RICHARDSON |
| Respondent. | ) ) |

# MEMORANDUM OPINION AND ORDER

On October 13, 2022, the Court entered judgment against Petitioner William Creasy and dismissed this case due to its untimely filing. (Doc. Nos. 22, 23.)

On November 1, 2022, Petitioner filed a pro se Motion to Reconsider the Court's Ruling (Doc. No. 24) which the Court construed as a motion under Federal Rule of Civil Procedure 59(e) and denied on December 6, 2022. (Doc. No. 25.)

On December 30, 2022, the Court received Petitioner's "Motion Seeking Relief from Judgment or Order Dismissing and Denying Habeas Corpus Petition" under Federal Rule of Civil Procedure 60(b)(3) (Doc. No. 26), which is now before the Court for decision. In his Rule 60(b) Motion, Petitioner does not dispute that this action was untimely filed. Rather, he claims that he is entitled to relief from the dismissal based on "serious all[e]gations" of misconduct against the state judge who sentenced him, as well as mistreatment "by this Court and its Judges," which deprived him of a full and fair hearing of his case. (*Id.* at 1–2.)

The allegations of judicial misconduct against this Court are based on its failure to order the production of video/audio recordings from Petitioner's state court proceedings, which he claims would prove that his rights were violated. (*Id.*) Petitioner claims that he has "been saying

the same thing for over 2 years"—that what transpired in Sumner County Criminal Court on February 7, 2019 would, if reviewed, vindicate his position that his confinement is illegal. (*Id.*) In his Rule 60(b) motion, Petitioner expresses his disappointment with this Court for having disposed of his untimely habeas petition without ordering and reviewing the production of such evidence, and requests "immediate relief from illegal confinement." (*Id.* at 1–2.)

Rule 60(b)(3) allows for relief from judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). When a motion under Rule 60(b) is filed in response to the denial of habeas relief, "the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances in which a state prisoner may file a second or successive application for habeas relief, requiring that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" such an application. 28 U.S.C. § 2244(b)(3)(A). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). Such necessity to enforce AEDPA arises when the Rule 60(b) motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 530, 532). Although a claim of fraud or misconduct affecting the integrity of federal habeas proceedings may properly be pursued under Rule 60(b)(3), a claim that "'in effect ask[s] for a second chance to have the merits determined favorably' . . . should instead be

characterized as a second or successive habeas petition." *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013) (quoting *Gonzalez*, 545 U.S. at 532 n.4).

Here, Petitioner's Rule 60(b) Motion does not assert that the Court's finding of untimeliness was in error; indeed, it emphasizes that Petitioner himself "told this court in [his] 2254 petition" that the petition was not filed within the limitations period. (Doc. No. 26 at 1; *see* Doc. No. 1 at 6, Doc. No. 7 at 13–14.) Petitioner insists that, notwithstanding the untimely filing, the court must "[e]ither prove [him] wrong or give [him] [his] life back" after reviewing the state-court recordings that he has "requested more than once for this Court to get." (Doc. No. 26 at 2.) Otherwise, he claims he will have been denied "the opportunity to have a full and fair hearing after making serious accusations and all[e]gations with[out] the benefit of a jury trial."[1] (*Id.*)

The claim of Petitioner's Rule 60(b) Motion echoes a claim he made prior to the dismissal of this action: that justice demands this Court look past the untimely filing of his petition, view the recording of state-court proceedings on February 7, 2019, and grant "immediate relief from illegal confinement." (*Compare* Doc. No. 1 at 4–5, 7 *and* Doc. No. 9 at 3–4 *with* Doc. No. 26 at 2.) In renewing this assertion under Rule 60(b), the Motion attacks a perceived procedural defect in the judgment of dismissal which it labels "misconduct." It does not present a habeas claim, but a claim that this Court did not proceed properly in relying on the statute of limitations to dismiss the action. Because the Motion "merely asserts that a previous ruling which precluded a merits determination [because of the statute-of-limitations bar] was in error," it is not a second or successive habeas petition requiring prior Sixth Circuit approval, but a proper Rule 60(b) motion that must be allowed "to proceed as denominated." *Gonzalez*, 545 U.S. at 532–33 & n.4.

---

[1] The reason Petitioner did not have "the benefit of a jury trial" is that he pled guilty to the charges at issue in this case. (*See* Doc. No. 12-1 at 30–33.)

However, Rule 60(b)(3) requires Petitioner to show, among other things, "misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). This provision allows for relief only in the event of fraud or other misconduct by the respondent in the litigation of this habeas case, not misconduct by the prosecutor and/or judge in state criminal proceedings or by this Court. *Cf. Crehore v. United States*, 253 F. App'x 547, 549-50 (6th Cir. 2007) (requiring Rule 60(b)(3) movant to show fraud or attempted fraud upon "the district court that denied his § 2255 motion," as opposed to the Court of Appeals that denied his direct appeal of his conviction); *see also Alston v. Colvin*, No. CV DKC 10-3446, 2013 WL 12112477, at *2 (D. Md. May 15, 2013), *aff'd*, 544 F. App'x 182 (4th Cir. 2013) ("Insofar as Plaintiff alleges misconduct by the court, and not an opposing party, she is ineligible for relief under Rule 60(b)(3)."). Rather than alleging such misbehavior by his opponent in this Court, Petitioner merely disagrees with the process by which his habeas case was decided––that is, he disagrees with the Court's decision to enforce the statute of limitations and overrule his tolling arguments without ordering the production of the February 7, 2019 recordings. His recourse from that decision, however, was to file a notice of appeal to the Sixth Circuit. Petitioner instead filed the instant motion under Rule 60(b)(3). But a Rule 60(b) motion cannot be used as a substitute for appeal. *See Taylor v. Wainwright*, No. 17-3269, 2017 WL 4182068, at *2 (6th Cir. Sept. 8, 2017) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Petitioner's attempt to do so here does not warrant post-judgment relief.

For these reasons, Petitioner's Rule 60(b)(3) motion for relief from the judgment dismissing this case (Doc. No. 26) is **DENIED**. His motion to ascertain status and for alternative dispute resolution (Doc. No. 27) is **DENIED** as moot. Because reasonable jurists would agree that Petitioner is not entitled to relief pursuant to Rule 60(b) under these circumstances, the Court **DENIES** a certificate of appealability (COA) from this Order. *See United States v. Hardin*, 481

F.3d 924, 925 (6th Cir. 2007) (holding that a COA is required before an appeal of the denial of Rule 60(b) motion can be heard). Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE